IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:09CR13

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| SHALA LARONDA NICOLE FISHER | ) | |

**THIS MATTER** is before the Court on Defendant's appeal of the detention order filed by the Magistrate Judge. **See Order, filed May 14, 2009.**

On February 17, 2009, Defendant and 14 co-defendants were charged in a two-count indictment with conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One), and knowingly using a communication facility in committing the violations set out in Count One, in violation of 21 U.S.C. § 843(b) (Count Two). Defendant was arrested on February 25, 2009, but subsequently released on a $25,000 unsecured bond with a number of conditions including home confinement and electronic monitoring. **See**

**Order Setting conditions of Release, filed March 4, 2009.** On April 21, 2009, the Defendant entered into a plea agreement with the Government wherein she agreed to plead guilty to the conspiracy charge contained in Count One of the indictment. **Plea Agreement, filed April 21, 2009, at 1.** A Rule 11 hearing was held before the Magistrate Judge on May 1, 2009, and Defendant entered her guilty plea. **Rule 11 Inquiry and Order of Acceptance of Plea, filed May 1, 2009.** Following acceptance of the guilty plea by the Magistrate Judge, the Government moved for detention. The Magistrate Judge found that Defendant's plea of guilty to 21 U.S.C. § 841(a)(1) involved a crime under 18 U.S.C. § 3142(f)(1)(C),[1] thus requiring the Court to consider whether release was appropriate under § 3143(a)(2). Section 3143(a)(2) provides as follows:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –

---

[1] This section describes an offense, such as the one at issue in the instant appeal, "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq*.)."

   (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
   (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
   (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

The Magistrate Judge noted that the Government did not recommend that no sentence of imprisonment be imposed on Defendant under § 3143(2)(A)(ii) and concluded that detention was mandatory. Defendant's bond was then revoked and she was ordered detained pending sentencing. *See* **Order,** *supra,* **at 2.** On May 1, 2009, Defendant appealed the detention order, but has offered no brief in support of the appeal nor any evidence that would support a reversal of the Magistrate Judge's order of detention.

 The undersigned has examined the FTR recording of the detention hearing, considered the relevant law, and concludes that the order of detention should be affirmed.

 **IT IS, THEREFORE, ORDERED** that the Order of Detention filed by the Magistrate Judge is **AFFIRMED**, and the Defendant's appeal of that order is **DENIED**.

4

Signed: May 21, 2009

*[signature]*

Lacy H. Thornburg
United States District Judge